# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ABDUS-SABUR IBN QUEEN,**
fka **SAMUEL R. QUEEN, JR.,**

      Petitioner,

v.                                                                    **2:09 CV 95**
                                                                           **(Maxwell)**

**JAMES N. CROSS, Warden,**

      Respondent.

## ORDER

It will be recalled that, on August 7, 2009, *pro se* Petitioner Abdus-Sabur Ibn Queen instituted the above-styled civil action by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.

It will further be recalled that the case was referred to United States Magistrate Judge David J. Joel in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

By Order entered September 1, 2009, Magistrate Judge Joel indicated that his preliminary review of the Petitioner's § 2241 Petition had revealed that summary dismissal was not appropriate and, accordingly, directed the Respondent to show cause why the requested writ should not be granted.

On November 2, 2009, the Respondent filed a Motion to Dismiss Or, In The Alternative, For Summary Judgement And Response To Order To Show Cause along with a Memorandum In Support of said Motion. On November 3, 2009, Magistrate Judge Joel issued a *Roseboro* Notice advising the Petitioner that he had thirty days in which to file any response to the Respondent's Motion and that a failure to respond might result in the entry

of an order of dismissal against him. On January 21, 2010[1], the Petitioner filed a Motion To Strike Respondent's Response To Order To Show Cause, Or, In The Alternative, Request For Leave To File An Amended Petition.

On February 2, 2010, Magistrate Judge Joel entered a Report And Recommendation wherein he recommended that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be denied and dismissed with prejudice; that the Respondent's Motion to Dismiss Or, In The Alternative, For Summary Judgement be granted; and that the Petitioner's Motion To Strike Respondent's Response To Order To Show Cause, Or, In The Alternative, Request For Leave To File An Amended Petition be denied.

In his Report And Recommendation, Magistrate Judge Joel provided the parties with fourteen days from the date of service of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Petitioner's Objection To Magistrates Report And Recommendation was filed on February 23, 2010.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or

---

[1]By Order entered December 1, 2009, Magistrate Judge Joel granted a Motion For Extension Of Time To File Response filed by the Petitioner on November 30, 2009, and granted the Petitioner an extension of time until January 21, 2010, in which to file a response to the Respondent's Motion To Dismiss Or, In The Alternative, For Summary Judgment.

2

recommendation to which no objections are made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on February 23, 2010, the Petitioner filed an Objection To Magistrates Report And Recommendation.  In his Objection, the Petitioner asserts that Wolff v. McDonnell was not complied with because he was not provided with copies of the Disciplinary Hearing Reports for the two incidents which resulted in the loss of good conduct credits which he challenges in this civil action.  In this regard, the Petitioner asserts that the UDC committee staff's lack of UDC certification led to their failure to comply with the due process requirements set forth by the United States Supreme Court in the Wolff case.  The Petitioner attaches to his Objection copies of documents which he obtained through a FOIA request that he alleges show that one of the Disciplinary Hearing Reports (DHO Report #1294960) was altered to reflect that he was provided with a copy of it when he really had not been.  Attachment Number 2 to the Petitioner's Objection purports to be copies of the Disciplinary Hearing Reports the Petitioner received in June of 2005, through a FOIA request.  Both Disciplinary Hearing Reports (#1294960 and #1293999) have blanks in Section IX for the information regarding Delivery To Inmate.  Attachment Number 3 to the Petitioner's Objection purports to be copies of the Disciplinary Hearing Reports that the Petitioner obtained from the Bureau of Prisons, as well as a January 18, 2007, Memorandum from R.F. Wolever, Unit II/III Manager of the US Penitentiary Allenwood, PA, which expressly indicates that Disciplinary Hearing Report #1294960 reflects that a copy of said Report was delivered to the Petitioner on January 4, 2005, while Disciplinary Hearing Report #1293999 does not reflect that a copy of said Report was ever delivered to the Petitioner.

3

As noted by Magistrate Judge Joel in his Report And Recommendation, in <u>Wolff v. McDonnell</u>, the United States Supreme Court held that when a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1. Written notice of claimed violation, at least 24 hours in advance of disciplinary hearing;

2. Written statement of factfinders as to evidence relied on and reason for disciplinary action taken;

3. Opportunity to call witnesses and present documentary evidence in defense when permitting inmate to do so would not be unduly hazardous to institutional safety or correctional goals;

4. Aid of a fellow inmate, or if that is forbidden, adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff, where an illiterate inmate is involved, or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case;

5. Impartial factfinders.

418 U.S. 539 at 564-571 (1974).

As previously noted, the Petitioner is arguing that he did not receive the due process protection mandated by the Supreme Court in the <u>Wolff v. McDonnell</u> case in light of the fact that he was not provided with copies of the Disciplinary Hearing Reports within the fifteen day time limit established in <u>Wolff</u>. Nowhere in its opinion in <u>Wolff v. McDonnell</u> does the United States Supreme Court establish any time frame within which

an inmate must be provided with a written statement of the factfinders as to evidence relied on and reason for disciplinary action taken. The Bureau of Prisons' inmate disciplinary procedures are codified at 28 C.F.R. § 541, *et seq.*, and entitled, "Inmate Discipline and Special Housing Units. " Section 541.17(g) provides that "[t]he DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision."

While the Court does not herein take a position on whether the Petitioner did or did not "timely" receive a copy of the two Disciplinary Hearing Reports or whether one or both of said Disciplinary Hearing Reports was "altered" to reflect delivery of the same to him, the Court does believe that Magistrate Judge Joel correctly determined that the Petitioner was clearly provided with the process he is due under <u>Wolff</u>. The purpose behind the requirement that an inmate be provided with a written statement of the factfinders as to the evidence relied on and the reason for the disciplinary action taken is so that an inmate may pursue his or her right to appeal first through the Bureau of Prisons' Administrative Remedy Procedures and then via the United States District Courts. In this regard, the United States Supreme Court noted as follows in the <u>Wolff</u> decision:

> We also hold that there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action. Morrissey, 408 U.S., at 89, 92 S.Ct., at 2604. Although Nebraska does not seem to provide administrative review of the action taken by the Adjustment Committee, the actions taken at such proceedings may involve review by other bodies. They might furnish the basis of a decision by the Director of Corrections to transfer an inmate to another institution because he is considered 'to be incorrigible by reason of frequent intentional breaches of discipline," Neb.Rev.Stat. S 83-185(4) (Cum. Supp. 1972), and the certainly likely to be considered by the state parole

5

> authorities in making parole decisions. Written records of
> proceedings will thus protect the inmate against collateral
> consequences based on a misunderstanding of the nature of
> the original proceeding. Further, as to the disciplinary action
> itself, the provision for a written record helps to insure that
> administrators, faced with possible scrutiny by state officials
> and the public, and perhaps even the courts, where
> fundamental constitutional rights may have been abridged,
> will act fairly. Without written records, the inmate will be at a
> severe disadvantage in propounding his own cause to or
> defending himself from others.

418 US.539 at 564-65 (1974). The Petitioner does not, and cannot contend, that any delay in his receipt of the two Disciplinary Hearing Opinions prevented him from appealing the two decisions of the Disciplinary Hearing Officer. Included in Attachment Number 3 to the Petitioner's Objection to Magistrate Joel's Report And Recommendation is a January 16, 2007, Inmate Request To Staff Member. Under the Disposition of said Inmate Request is a handwritten notation by R.F. Wolever, Unit II/III Manager of the United States Penitentiary at Allenwood, Pennsylvania, dated January 18, 2007, wherein it is noted that copies of both Disciplinary Hearing Opinions were provided to the Petitioner on January 18, 2007. Attachment Number 3 to the Petitioner's Objection also includes documents which reveal that the Petitioner was able to appeal each of the two Disciplinary Hearing Officer decisions through the Bureau of Prisons' Administrative Remedy Procedures. Specifically, an April 4, 2007, Response to the Petitioner's Appeal of Disciplinary Hearing Opinion Number 1293999 by Regional Director D. Scott Dodrill expressly provides as follows:

> Your claim the disciplinary paperwork has been altered is not
> supported by any credible evidence. In addition, when it was
> confirmed that there was a delay in providing you with a copy
> of the DHO report, your appeal was accepted for response.

The foregoing excerpt demonstrates that the Petitioner's right to appeal was not in any way prejudiced by any failure to timely receive copies of the Disciplinary Hearing Opinions. Likewise, the Petitioner has been able to file the instant action in the United States District Court without any prejudice as a result of any failure to timely receive copies of the applicable Disciplinary Hearing Opinions.

For all of the foregoing reasons, the Court finds that the Petitioner was provided with all of the procedural due process protections required and contemplated by the United States Supreme Court in Wolff. Accordingly, the Court, being of the opinion that Magistrate Judge Joel's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge Joel on February 2, 2010 (Docket No. 21), be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondent's Motion To Dismiss, Or, In The Alternative, For Summary Judgment (Docket No. 13) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Petitioner's Motion To Strike Respondent's Response To Order To Show Cause, Or, In The Alternative, Request For Leave To File An Amended Petition (Docket No. 20) be, and the same is hereby, **DENIED**. It is further

**ORDERED** that the Petitioner's Petition For Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By A Person In Federal Custody (Docket No. 1) be, and the same is hereby, **DENIED and DISMISSED with prejudice**. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is

further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** May   26  , 2010

                                                   /S/ Robert E. Maxwell   
                                                United States District Judge